IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NICHOLAS DICKSON, | ) |
| | ) Civil Action |
| Plaintiff, | ) No. |
| v. | ) |
| | ) |
| UNITED FAMILY MEDICAL CENTER, | ) JURY TRIAL DEMANDED |
| INC., and CATHERINE EMERUWA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

### PLAINTIFF NICHOLAS DICKSON'S COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Nicholas Dickson ("Plaintiff"), and files this Amended Complaint against Defendants United Family Medical Center, Inc. ("Defendant UFMC") and Catherine Emeruwa ("Defendant Emeruwa") (Defendant UFMC and Defendant Emeruwa collectively referred to as "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendants. Plaintiff also seeks damages, attorney's fees and costs under the FLSA for Defendants' unlawful retaliation against him.

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant UFMC is a Georgia corporation and resides in this district. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391. Defendant Emeruwa is the owner of Defendant UFMC and is subject to jurisdiction in this Court.

### III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From April 15 – June 27, 2018, Plaintiff was employed by Defendant as a "medical assistant" at Defendants' medical practice.

7.

Plaintiff was an "employee" of Defendants, as that term has been by the FLSA, 29 U.S.C. §203(e).

8.

Throughout his employment with Defendants, Plaintiff was paid on an hourly basis as a non-exempt employee entitled to overtime compensation for hours he worked in excess of 40 in workweeks.

9.

In multiple weeks during his employment with Defendants, Plaintiff worked more than 40 hours and was not paid overtime compensation for his hours worked over 40 in such weeks.

10.

On multiple occasions, Plaintiff complained to Defendants that he was not being paid overtime compensation that was due to him.

11.

On June 27, 2018, Plaintiff complained to Defendants, in writing, that Defendants had failed to pay him overtime compensation to which he was entitled. The same day, Defendants responded to Plaintiff's complaint by terminating his employment.

12.

Defendants are "employers" as that term has been defined by the FLSA.

13.

While employed by Defendants, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the full overtime wage differential for hours he worked over (40).

14.

Defendant UFMC is a private employer engaged in interstate commerce, and its gross revenues exceeded $500,000 per year in 2017.

15.

Plaintiff provided medical services at the place of employment for other employees who are engaged in commerce. Plaintiff was individually covered under the FLSA.

16.

Defendants are governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

17.

Defendants failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

18.

Defendant Emeruwa is involved in the day-to-day operations and has substantial operational control over Defendant UFMC, including, without limitation, the policies governing individuals employed in the same capacity as Plaintiff.

19.

Defendant Emeruwa exerts substantial control over Defendant UFMC's compliance with the FLSA.

20.

Defendant Emeruwa has the power to hire and fire employees, including, without limitation, individuals employed by Defendant UFMC in the same capacity as Plaintiff.

21.

Defendant Emeruwa controls employee work schedules or conditions of employment including, without limitation, individuals employed by Defendant UFMC in the same capacity as Plaintiff.

22.

Defendant Emeruwa determines the rate and method of payment for employees including, without limitation, individuals employed by Defendant UFMC in the same capacity as Plaintiff.

## Count I

## Violations of the Fair Labor Standards Act.

23.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

24.

Defendants have violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

25.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

26.

Defendants' violations of the FLSA were willful and in bad faith.

27.

Defendants knew or showed reckless disregard for the fact their actions, policies, and/or omissions violated the FLSA.

28.

Defendants knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without overtime compensation for hours worked over 40 in workweeks.

## Count II

### Violation of 29 U.S.C. § 215(a)(3)
### (FLSA Retaliation)

29.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

30.

On multiple occasions during his employment with Defendants, Plaintiff complained to Defendants about their failure to pay him overtime compensation to which he was entitled, including Plaintiff's complaint on June 27, 2018. Plaintiff therefore engaged in protected activity under the FLSA.

31.

On June 27, 2018, Defendants responded to Plaintiff's protected activity by terminating his employment.

32.

Defendants terminated Plaintiff's employment in retaliation for Plaintiff's protected activity under the FLSA.

33.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

34.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

35.

Defendants were prohibited from retaliating against Plaintiff because he engaged in activity protected under the FLSA.

36.

Defendants' actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

37.

Defendants knew that their conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

38.

Defendants' violations of the FLSA were willful and in bad faith.

39.

Plaintiff engaged in statutorily protected activity under the FLSA by opposing an employment practice he believed was unlawful under the FLSA.

40.

Plaintiff's statutorily protected activity was the motivating factor in Defendant's decision to terminate Plaintiff's employment.

41.

As a direct and proximate result of the retaliation, Plaintiff has sustained economic losses and emotional distress, for which he is entitled to recover from Defendants.

42.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)   Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E)   Damages, including damages for emotional distress and pecuniary losses on Plaintiff's FLSA retaliation claim;

(F)   Award Plaintiff such further and additional relief as may be just and appropriate.

This 17th day of July 2018.

**BARRETT & FARAHANY**

                                          <u>/s/ V. Severin Roberts</u>
                                          V. Severin Roberts
                                          Georgia Bar No. 940504
                                          Attorney for Nicholas Dickson

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile